# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| TRILLIUM TRANSPORTATION FUELS, LLC, a Delaware limited liability company, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-20-1197-PRW |
| INTEGRAL ENERGY, LLC, a Florida limited liability company, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court are Plaintiff Trillium Transportation Fuels, LLC's ("Trillium's") Motion for Summary Judgment (Dkt. 24) and Motion to Deem Motion for Summary Judgment as Confessed (Dkt. 35). In a previous Order (Dkt. 45), the Court determined that Trillium was required to exhaust the dispute resolution procedures contained in its contract with Defendant Integral Energy, LLC ("Integral"). The matter was stayed for a period of sixty days to allow the parties to complete the remaining provisions of that process. The Court also noted that "[n]othing in this Order should be construed as requiring the exhaustion of Paragraph 10's requirements if Defendant [Integral] frustrates or prevents the occurrence of the negotiations."[1]

---

[1] *See* 13 Williston on Contracts § 39:3 (4th ed. 2022) ("It is a general principle of contract law that if one party to a contract hinders, prevents or makes impossible performance by the other party, the latter's failure to perform will be excused.").

1

In a Joint Report (Dkt. 46) on the status of these efforts, the parties represent to the Court that Integral filed Articles of Dissolution on February 1, 2022. Integral further represents that it "has no funds with which to participate in further settlement negotiations in this action." The parties agree that they are unable to complete the remaining provisions of the Paragraph 10 dispute resolution procedure.

Whether the issue is phrased as one of prevention[2] or impracticability,[3] our answer is the same: Trillium is excused from performing its remaining obligations under Paragraph 10 of the Sales Agreement. While there remains some dispute between the parties regarding the applicable law governing the interpretation of the Sales Agreement,[4] the Court has identified no conflict between Florida and Oklahoma law on these foundational contract principles.[5] By their nature, the Sales Agreement's dispute resolution procedures require

---

[2] *See id.* ("Under the [prevention] doctrine, a contracting party whose performance of its promise is prevented by the other party is not obligated to perform and is excused from any further offer of performance.").

[3] *See* 30 Williston on Contracts § 77:1 (4th ed. 2022) ("The rule of impracticability to excuse performance under a contract is invoked when supervening circumstances make performance of one of the terms of the contract impracticable without a party's fault by the occurrence of an event the nonoccurrence of which was a basic assumption on which the contract was made; in such a case, the party's duty to render that performance is discharged, unless the language or the circumstances indicate the contrary.").

[4] The Sales Agreement, the primary contract governing the purchase of the equipment and installation services for the Odessa project, contains no forum selection clause. The Credit Account Application form, an agreement regarding an ongoing supply of natural gas and a system of fuel cards, does, specifying that Oklahoma law will govern. Trillium says the Credit Account Application is related to the business of the Sales Agreement, and therefore that its forum selection clause should govern the entire dispute. Integral disagrees, arguing that the Sales Agreement represents a separate transaction, and that Florida law should govern.

[5] *See Buckley Towers Condominium, Inc. v. QBE Ins. Corp.*, 395 Fed. App'x 659, 663 (11th Cir. 2010) (discussing the doctrine of prevention of performance under Florida law);

cooperation and performance by both parties. Through no fault of its own, and despite its willingness to perform, Trillium cannot complete the outstanding portions of those procedures. Trillium is therefore excused from further performance of its Paragraph 10 obligations. The Court lifted the stay in a previous Order (Dkt. 47), making Trillium's Motions ripe for resolution.

## *Summary Judgment*

To briefly recapitulate the undisputed facts and proceedings as described in a previous Order (Dkt. 45): Trillium and Integral entered into a Sales Agreement whereby Trillium would supply fueling equipment and installation services to Integral for a project in Odessa, Florida. Trillium performed its end of the contract, and the project was completed around March 2018. Trillium submitted an invoice to Integral in June 2020 for the full amount specified in the Sales Agreement. Integral did not submit payment within the thirty days required by the contract, and the parties began working to resolve the dispute in accordance with the Paragraph 10 dispute resolution process. Around September 2020, Integral proposed a payment plan, and sent Trillium $15,000 pursuant to that plan. No further payments were made.[6] Trillium filed this action for breach of contract in November

---

*Allen v. State ex rel. Bd. of Trustees of Okla. Unif. Ret. Sys. for Justs. & Judges*, 769 P.2d 1302, 1307–08 & n.28 (Okla. 1988) (discussing prevention of performance under Oklahoma law and collecting cases); *Verbal v. TIVA Healthcare, Inc.*, 628 F. Supp. 3d 1222, 1231 (S.D. Fla. 2022) (noting that frustration of purpose and impracticability are well-recognized excuses for non-performance of a contract under Florida law); *Meng v. Rahimi*, 505 P.3d 926, 928–29 (Okla. 2022) (discussing impossibility doctrine in Oklahoma law).

[6] An earlier payment of $47,701 made in April 2018 came to light during discovery.

2020, seeking as damages the unpaid amount of the $1,322,717.00 total Contract Price.[7] After Trillium moved for default judgment, this Court permitted Integral to file its answer out of time, and the parties began discovery.

In November 2021, Trillium filed its Motion for Summary Judgment (Dkt. 24). Integral did not respond within the allotted time, so Trillium moved to have the motion deemed confessed (Dkt. 35) in accordance with Local Rule LCvR7.1(g). Before ruling on either motion the Court ordered supplemental briefing on the dispute resolution issues, ultimately resulting in the stay discussed and resolved above.

Upon review, the Court **GRANTS** Trillium's latter Motion (Dkt. 35) and exercises its discretion to deem the Motion for Summary Judgment (Dkt. 24), and all well-supported facts therein, confessed.[8] Nevertheless, the Court must satisfy itself that summary judgment is appropriate.[9] Trillium must demonstrate that there is no genuine dispute of material fact, and that it is entitled to judgment as a matter of law, on its breach of contract claim.[10]

---

[7] Pl.'s Compl. (Dkt. 1), ¶ 20. Per the Motion for Summary Judgment, the outstanding balance owed, following payments of $47,701 and $15,000, is $1,260,016.00. Pl.'s Mot. Summ. J. (Dkt. 24), at 8–9.

[8] LCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed.").

[9] *See Frick v. Wells Fargo & Co.*, 68 F. App'x 173, 175 (10th Cir. 2003).

[10] Fed. R. Civ. P. 56(a). Trillium's alternative second cause of action is an "account stated" claim. An account stated is an agreement that supersedes and merges existing obligations from prior transactions between the parties. It requires consensus on the balance owed and a promise for payment, forming a new contract in place of the old. *See DeMentas v. Estate of Tallas*, 764 P.2d 628, 634 (Utah Ct. App. 1988). Because the Court finds that summary judgment is warranted on the breach of contract claim it need not reach the merits of the

Integral has not disputed the applicability of the Sales Agreement, or the authenticity of the invoice appended to Trillium's Complaint (Dkt. 1).[11] Integral has not proffered any evidence to suggest that the amount owed under the contract was ever modified, and in fact began working on a payment plan in September 2020 to satisfy the full amount. Integral has admitted that Trillium performed its obligations to deliver and install equipment, and that the full price stated in the invoice has not been paid.[12] Supporting affidavits and documentation produced during discovery confirm these facts.[13] The Court finds that there is no genuine dispute of material fact regarding the breach of contract central to this case.[14]

As an initial matter, those undisputed facts demonstrate a breach of contract, and Trillium's entitlement to judgment in the unpaid amount. However, beyond the now-resolved issue of the dispute resolution process, Integral's Answer advances several other arguments for why Trillium's claim fails as a matter of law.

First, Integral contends that Trillium's submission of the invoice for payment was untimely; as mentioned above, while delivery of the goods and services was completed in

---

alternative account stated claim, although much of the following analysis applies equally to both.

[11] Pl.'s Compl. Ex. 3 (Dkt. 1-3).

[12] Def.'s Answer (Dkt. 15), ¶¶ 18, 19.

[13] *See, e.g.*, Ex. 5 (Dkt. 25) (September 2020 payment plan discussions); Ex. 10 (Dkt. 26) (Integral's responses to Trillium's First Requests for Admissions); Ex. 1 (Dkt. 43) (deposition of Integral's President, Mr. Frazier).

[14] As mentioned above, there does remain a dispute over the applicability of the Credit Account Application and its forum selection clause. However, this dispute is not material. The terms of the Credit Account Application are not relevant to the claims and the relief requested in the Motion for Summary Judgment (Dkt. 24), and, as above, Florida and Oklahoma law concur on the remaining legal questions.

March 2018, Trillium did not submit the invoice until June 2020. The Sales Agreement contains no timing provisions for submission of the invoice.[15] Both Oklahoma and Florida law provide that, when not specified, the time for performance under a contract "shall be a reasonable time."[16] "What constitutes a reasonable time is a question to be determined from consideration of all the facts and circumstances in the case."[17] Among the facts now deemed confessed is that Integral worked on a payment plan, and paid $15,000 towards the balance pursuant to that plan, after it received the invoice.[18] In addition, while Integral's President, Mr. Frazier, was surprised to learn that the contract price had not been invoiced and paid earlier, he expressed no timeliness concerns when made aware of the pending submission of the invoice around June 2020.[19] The Court finds that Trillium's approximately two-year delay in submitting the invoice was not unreasonable as a matter of law.[20]

---

[15] Although it does require Integral to pay within thirty days of receipt of the invoice. Pl.'s Compl. Ex. 1 (Dkt. 1-1), ¶ 6.

[16] Okla. Stat. tit. 12A, § 2-309; Fla. Stat. § 672.309.

[17] *I.C. Gas Amcana, Inc. v. J.R. Hood*, 855 P2d 597, 600 (Okla. 1992) (citing *Grayson v. Crawford*, 119 P.2d 42, 45–46 (Okla. 1941)); *see also* Fla. Standard Jury Inst. 416.19 Interpretation – Reasonable Time ("What is a reasonable time depends on the facts of each case, including the subject matter and purpose of the contract and the expressed intent of the parties at the time they entered into the contract.").

[18] *See, e.g.*, Ex. 5 (Dkt. 25); Ex. 10 (Dkt. 26), at 4; Ex. 1 (Dkt. 43), at 12; Pl.'s Mot. Summ. J. (Dkt. 24), at 8.

[19] *See* Ex. 1 (Dkt. 43), at 6–8, 11–13.

[20] *See Republic Bank, Inc. v. West Penn Allegheny Health Sys., Inc.*, 475 F. App'x 692, 702–03 (10th Cir 2012); *Hicks v. Keebler*, 312 So. 3d 1001, 1005 (Fla. Dist. Ct. App. 2021). While *Hicks* states that summary judgment is improper where there remain factual disputes about the timing of obligations and past performance, no such dispute exists here.

Next, Integral argues that Trillium's claim is barred under theories of waiver and estoppel. Waiver, the intentional relinquishment of a right, can be explicit or implicit.[21] In a contract for a sale of goods worth more than $500, the statute of frauds requires that modifications to the contract, such as an explicit waiver, be memorialized in writing.[22] Here, there is no evidence that Trillium waived, either explicitly or implicitly, its right to receive payment under the Sales Agreement. There is no writing in evidence modifying the contract, and Trillium took no action that could have suggested to Integral that the contract price was no longer owed. This latter fact also obviates the related estoppel argument. In this context, estoppel requires a representation by one party that it will not insist upon literal compliance with the contract terms, and detrimental reliance on that representation by the other party.[23] Again, there is no indication that Trillium ever represented a desire to forego payment, nor is there anything to suggest that Integral perceived or relied upon such a representation. Indeed, Integral repeatedly acknowledged the continued debt and outstanding balance following the invoice.[24] Trillium's claim is not waived or estopped.

---

[21] *See Robberson Steel Co. v. Harrell*, 177 F.2d 12, 15 (10th Cir. 1949); *Westinghouse Credit Corp. v. Shelton*, 645 F.2d 869, 873–74 (10th Cir. 1981) (discussing waiver by course of performance); *Bush v. Ayer*, 728 So. 2d 799, 801 (Fla. Dist. Ct. App. 1999).

[22] *See* Okla. Stat. tit. 12A, § 2-201(1); Fla. Stat. § 672.201(1); *Eureka Water Co. v. Nestle Waters N. Am., Inc.*, No. CIV-07-988-M, 2008 WL 281559, at *4 (W.D. Okla. Jan. 31, 2008); *Nickel v. Hinz*, 114 P.2d 449, 449–50 (Okla. 1941).

[23] *See Poteau State Bank v. Denwalt*, 597 P.2d 756, 759 (Okla. 1979).

[24] *See* Ex. 5 (Dkt. 43) (September 2020 email discussing payment plan); Ex. 7 (Dkt. 29) (October 2020 email discussing $15,000 payment, of planned initial payment of $50,000, and stating "[w]e will send the rest as soon as possible.").

Finally, Integral's Answer offers several boilerplate objections to personal jurisdiction and venue. The requirement of personal jurisdiction represents an individual right that can be waived.[25] "In the absence of a motion to dismiss, a party's continued participation in litigation is inconsistent with an assertion of lack of personal jurisdiction."[26] Integral timely noted its defense based on lack of personal jurisdiction in its Answer (Dkt. 15) and reiterated that objection in the Joint Status Report filed February 23, 2021 (Dkt. 18). In the approximately thirty months since, however, Integral has never filed a 12(b)(2) motion to dismiss. Rather, Integral has participated in discovery—including deposition of its principal—and pre-trial preparation, such as proposed exhibit and witness lists (Dkts. 31, 32). The Joint Report of July 20, 2023 (Dkt. 46) suggests that Integral would have complied with this Court's Order (Dkt. 45) to engage in the dispute resolution process but for the company's dissolution and related lack of funds—there is no insinuation of a lack of personal jurisdiction. Integral's active participation in these proceedings, together with its failure to move for dismissal, "manifest[] an intent to submit to the court's jurisdiction."[27] Accordingly, the Court finds that Integral has waived its

---

[25] *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982).

[26] *Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, No. 99-4042, 2000 WL 147392, at *2 (10th Cir. Feb. 4, 2000) (collecting cases).

[27] *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990); *see also STI Trucking, LLC v. Santa Rosa Operating, LLC*, No. 20-CV-0073-JFH-CDL, 2021 WL 3604609, at *2–3 (N.D. Okla. Aug. 13, 2021) (collecting cases).

objection to personal jurisdiction. For the same reasons, the Court also finds that Integral has waived its objection to venue.[28]

In sum, none of Integral's asserted defenses are sufficient to defeat Trillium's entitlement to judgment as a matter of law.

### *Conclusion*

Trillium has established that there is no dispute of the material facts of this case: Trillium did the work required by the contract, Integral has not fully paid its acknowledged debt. In addition, Trillium is entitled to summary judgment as a matter of law: it submitted the invoice in a reasonable time, it never waived or misrepresented its right to payment, Integral has waived personal jurisdiction and venue objections, and Trillium is excused from exhausting the unfinished dispute resolution provisions. Accordingly, Trillium's Motion for Summary Judgment (Dkt. 24) is **GRANTED**. Judgment will be entered in favor of Trillium and against Integral in the amount of $1,260,016.00,[29] plus Trillium's reasonable attorney's fees and costs incurred in enforcing the Agreement.

---

[28] *See Travelers Cas. & Sur. Co. of Am. v. Unistar Fin. Serv. Corp.*, 35 Fed. App'x 787, 789 (10th Cir. 2002); 14D Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Catherine T. Struve, *Federal Practice and Procedure* § 3829 (4th ed. 2008) ("Sometimes, however, litigation conduct may foreclose a defendant from pursuing the venue objection, even if it was asserted in a timely way.").

[29] Per the Motion for Summary Judgment (Dkt. 24), this represents the total Contract Price, less payments made by Integral. Pl.'s Mot. Summ. J. (Dkt. 24), at 20–21. For purposes of the Motion (Dkt. 24), Trillium has not requested pre-judgment interest. *Id.*

**IT IS SO ORDERED** this 11th day of August 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE